# Court of Appeals
# of the State of Georgia

ATLANTA,  August 13, 2019

*The Court of Appeals hereby passes the following order:*

**A19A0849.  DWAYNE ADGAR et al. v. CITY OF ATLANTA.**

The City of Atlanta initiated condemnation proceedings against property owners Dwayne and Arnold Adgar. In October 2016, the trial court condemned the property at issue and ordered the Adgars to surrender possession. Thereafter, the Adgars filed a motion to enjoin the City from taking possession, and in August 2017, the trial court entered an injunction, permitting the Adgars to remain on the property pending the outcome of the proceedings. The City filed a motion to reconsider and modify the injunction, and on December 19, 2017, the trial court ruled that its injunction was "overly broad," granted the City's motion for reconsideration, and ordered the Adgars to vacate the property within 60 days and obtain liability insurance on the property.[1] The Adgars filed a timely notice of appeal from the December 19, 2017 order. We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (a) (4), "[a]ll judgments or orders granting or refusing applications for receivers or for interlocutory or final injunctions" are subject to direct appeal. However, unlike orders granting or refusing injunctions, "orders modifying or dissolving interlocutory injunctions are appealable only on an interlocutory basis pursuant to OCGA § 5-6-34 (b)." *Jones v. Peach Trader Inc.*, 302 Ga. 504, 511 (III) (807 SE2d 840) (2017). Here, the December 19, 2017 order modified and partially dissolved the previous injunction. As such, the Adgars were required to follow the interlocutory appeal procedure, and their failure to do so

---

[1] In the same order, the trial court also disbursed to inter alia, Bank of America, N.A., a portion of the condemnation proceeds to satisfy its interest in the property.

deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*   *08/13/2019*

    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

        *Stephen E. Castlen*   , *Clerk.*